```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
KEITH THOMPSON,                                               :
                                        Plaintiff,            :
                                                              :       14 Civ. 6509 (LGS)
                     -against-                                :
                                                              :       OPINION & ORDER
POLICE OFFICER MCENERY,                                       :
                                        Defendant.            :
                                                              :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

On April 29, 2013, Defendant Police Officer McEnery issued Plaintiff Keith Thompson a parking ticket for double parking his van and a summons for disorderly conduct.  Plaintiff, proceeding pro se, now brings suit against Defendant McEnery pursuant to 42 U.S.C. § 1983 and 18 U.S.C. §§ 241 and 242 in a Complaint that, liberally construed, alleges false arrest and malicious prosecution.[1]  Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff cross-moves for summary judgment under Federal Rule of Civil Procedure 56.  For the reasons that follow, Defendant's motion is converted into a motion for summary judgment, and granted.  Plaintiff's motion is denied.

I.  BACKGROUND

　　A.  Procedural History

On August 14, 2014, Plaintiff filed the operative Complaint.   By notice of motion dated November 10, 2014, Defendant moved to dismiss the Complaint in its entirety.  Defendant attached four exhibits to his motion -- (1) a stipulation and order of dismissal Plaintiff entered into in *Thompson v. Rodriguez*, No. 13 Civ. 1991 (S.D.N.Y.) ("*Rodriguez*" and the "*Rodriguez* Stipulation"); (2) Plaintiff's complaint in *Rodriguez* (the "*Rodriguez* Complaint"); (3) the parking

---

[1] The Complaint identifies Defendant McEnery as Defendant "Merey."  By Order dated October 28, 2014, Defendant's name was corrected on the docket.

ticket and summons Defendant issued to Plaintiff on April 29, 2013; and (4) the Complaint in the present case.  In addition, Defendant served on Plaintiff a statement required by Local Civil Rule 12.1, warning Plaintiff that "the Court may treat [Defendant's] motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure" and that the "complaint may be dismissed without a trial" unless Plaintiff filed "sworn affidavits as required by Rule 56(c) and/or other documents" in response.  Defendant also provided Plaintiff with a copy of Rule 56.

Plaintiff's opposition, notarized on November 17, 2014, and filed on the docket on November 18, 2014, contained a cover page, which stated as follows:

> Upon Defendants motion for summary judgment pursuant to Federal Rule 56A of the civil practice laws and rules, and that upon filing of this motion by Plaintiff that the court grant summary judgment in full to Plaintiff seeing that there is no material facts that can be disputed about the legality of Plaintiffs violation of his civil rights . . . .

Plaintiff also filed a "Brief in Support of Motion for Summary Judgment," and submitted three exhibits:  (1) a "Certificate of Disposition" from the Bronx County Criminal Court stating that on September 19, 2013, the charge of disorderly conduct was dismissed for failure to prosecute; (2) the parking ticket and summons Defendant issued to Plaintiff on April 29, 2013, which Defendant also submitted in connection with his motion; and (3) an invoice dated April 29, 2013, from Brand Copy and Paper Distributing, LLC made out to Aden Deli Grocery in the Bronx.

    **B.  The Present Case**

The following facts are drawn from the Complaint and the exhibits submitted by the parties in connection with the present motions.  The facts are undisputed unless otherwise noted.

On April 29, 2013, around 12 p.m., Defendant issued Plaintiff a "Complaint/Information" for disorderly conduct and a parking citation for double parking in front of 3120 Bainbridge Avenue in the Bronx.  In the "Complaint/Information," Defendant stated that Plaintiff "stopped

veh[icle] in roadway after EMS used sirens twice for veh[icle] to move.  [Plaintiff] exited veh[icle] to make delivery causing traffic at intersection[,] causing public annoyance."  Plaintiff has a different explanation for what happened.

In a notarized statement that the Court construes as an affidavit, Plaintiff states that Defendant approached Plaintiff while he was "unloading products to Aden Deli," located at 3110 Bainbridge Avenue in the Bronx, but Defendant did not approach the driver of another truck that was similarly double parked.  According to Plaintiff, an emergency vehicle was waiting in traffic "in line to pass, [but] had no emergency signals to indicate any emergency at all."  Only "after witnessing Officer McEnery confront Plaintiff in back of work truck, . . . did the emergency vehicle decide to put on signals."  According to Plaintiff, he was legally double parked because New York City traffic regulations allow commercial vehicles with commercial plates to double park for thirty minutes to load and unload the vehicle.  *See* 34 NYC Reg. § 4-08(f)(1).

## C. *Thompson v. Rodriguez*

On March 25, 2013, approximately five weeks before the incident at issue in this case, Plaintiff brought suit against Officers Rodriguez and Thomas of the New York City Police Department (the "NYPD") under 18 U.S.C. §§ 241, 242 and 245 alleging discrimination and harassment.  The *Rodriguez* Complaint alleged that on March 30, 2012, more than one year before the incident at issue here, Rodriguez and Thomas stopped Plaintiff while he was driving his company truck in the Bronx.  Rodriguez accused Plaintiff of speeding, and Plaintiff denied the allegation.  At the request of Rodriguez, Plaintiff handed over his driver's license and the "company truck papers which were copies, not original."  After receiving Plaintiff's papers, Rodriguez told Plaintiff, "Oh!! You enjoy suing police officers."  Then "Rodriguez and [Plaintiff] began exchanging choice words back and forth."  Rodriguez issued Plaintiff a speeding ticket,

and balled up the "truck papers" and threw them at Plaintiff.  Plaintiff called Rodriguez "an asshole," and Rodriguez spat at Plaintiff, "sprinkling saliva in [his] face."

     On August 8, 2013, three months after the incident at issue here, Plaintiff filed a proposed order for a temporary restraining order and preliminary injunction in *Rodriguez*, seeking to prevent the NYPD "from harassing Plaintiff, writing frivolous parking violations, etc., until a final disposition on the merits" in the case.  At a conference on the same day, Plaintiff explained to Judge Koeltl, who presided over the case, that he had filed the application for an injunction because "since then" (presumably since filing the *Rodriguez* Complaint), he had been "stopped by various officers from the same exact precinct."  As of the date of the conference, Plaintiff had "two tickets pending now from officers from this precinct."  He complained that "other officers . . . are constantly giving [him] tickets, unnecessary tickets, . . . and [he] ha[s] a couple of them now" for which he has to go to court.  He clarified that he gets such tickets only "in the Bronx, nowhere else" and that the conduct amounted to "harassment from the police force, from this particular precinct, all of them are from this particular precinct."  Noting that Plaintiff's motion papers did not reflect all of Plaintiff's arguments for injunctive relief raised at the conference, Judge Koeltl denied the motion without prejudice to renewal.  Judge Koeltl explained to Plaintiff, "you really have to give me a set of papers which set out the basis for a preliminary injunction. . . . So I would give you the opportunity to do that . . . ."  After explaining that an injunction of the kind Plaintiff was seeking "would be highly unusually to get," Judge Koeltl inquired, "So you want to go forward, though, with a motion for a preliminary injunction?"  Plaintiff replied, "Yes. I will resubmit it . . . ."  Plaintiff did not resubmit a motion for injunctive relief.

On September 29, 2013, Plaintiff entered into a stipulation with the *Rodriguez* Defendants, which Judge Koeltl "so ordered" on October 2, 2013. The operative portion of the *Rodriguez* Stipulation states,

> Plaintiff dismisses and discontinues, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), all federal and state law claims that were or could have been asserted in this action, including all claims that were or could have been raised in this matter against Officer Thomas Nicoletti, Officer Robert Rodriguez, the City of New York, or any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation General Counsel[.]

Plaintiff does not dispute that he voluntarily entered into the Stipulation, or that the incident in this case occurred in April 2013.

## II.  LEGAL STANDARD

On a motion to dismiss, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the non-moving party. *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 284 (2d Cir. 2013). To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Federal Rule of Civil Procedure 8 "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

Where a motion to dismiss presents matters outside of the pleadings, the court may consider them but only by converting the motion into one for summary judgment under Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d). To do so, "[a]ll parties must be given a

5

reasonable opportunity to present all the material that is pertinent to the motion." *Id.*; *see Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 67-68 (2d Cir. 2014) (affirming a district court's conversion of a motion to dismiss into a motion for summary judgment where the opposing party was given sufficient notice and an opportunity to respond). Although formal notice is not required ordinarily where a party "should have reasonably recognized the possibility" of such conversion, for a pro se litigant, "[n]otice is particularly important because the *pro se* litigant may be unaware of the consequences of his failure to offer evidence bearing on triable issues." *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009) (alteration in original) (citation and internal quotation marks omitted). "Accordingly, *pro se* parties must have 'unequivocal' notice of the meaning and consequences of conversion to summary judgment." *Id.* at 307-08 (citation omitted). "[A]bsent a clear indication that the *pro se* litigant understands the nature and consequences of Rule 56 . . . he or she must be so informed by the movant in the notice of motion or, failing that, by the district court." *Id.* at 308 (citation omitted). That notice should include

> a short and plain statement that all assertions of material fact in the movant's affidavits will be taken as true by the district court unless the *pro se* litigant contradicts those factual assertions in one or more affidavits made on personal knowledge containing facts that would be admissible in evidence or by submitting other materials as provided in Rule 56(e).

*McPherson v. Coombe*, 174 F.3d 276, 282 (2d Cir. 1999).

Summary judgment is appropriate where the record before the court establishes that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of informing the court of the basis for the summary judgment motion and identifying those portions of the record that demonstrate the absence of a genuine dispute as to any material fact. Fed. R. Civ. P. 56(c); *see*

6

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor.  *In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 87 (2d Cir. 2008); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  In contract cases, "[s]ummary judgment is appropriate if the terms of the contract are unambiguous."  *Fischer & Mandell LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011).

### III. DISCUSSION

As an initial matter, sufficient cause exists to convert Defendant's motion to one for summary judgment.  First, Defendant's notice pursuant to Local Civil Rule 12.1 filed contemporaneously with his moving papers constitutes sufficient notice for Rule 12(d) purposes.  *See, e.g.*, *Redman v. New York State Dep't of Corr. Servs.*, 541 F. App'x 52, 53 (2d Cir. 2013) (finding Local Civil Rule 12.1 statement provided sufficient notice to pro se party that a motion to dismiss may be converted to a motion for summary judgment).  Second, both parties submitted evidence outside the pleadings for purposes of the present motion.  Third, Plaintiff styled his opposition to Defendant's motion as a "motion for summary judgment" on the ground that "there [are] no material facts that can be disputed about the legality of [the] violation of [Plaintiff's] civil rights[.]"  Because Plaintiff had unequivocal notice that Defendant's motion might be converted to one for summary judgment, and Plaintiff has effectively moved for summary judgment himself, Defendant's motion is treated as one for summary judgment.

On the merits, Defendant is entitled to summary judgment because the *Rodriguez* Stipulation unambiguously bars Plaintiff from bringing the present action.

"A settlement agreement is a contract that is interpreted according to general principles of contract law."  *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007).  "The threshold question in

7

a dispute over the meaning of a contract is whether the contract terms are ambiguous." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 66 (2d Cir. 2000). An unambiguous contract term "has a definite and precise meaning and . . . there is no reasonable basis for a difference of opinion." *Klos v. Lotnicze*, 133 F.3d 164, 168 (2d Cir. 1997). A release is interpreted under the same principles. *See, e.g.*, *Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 515 (2d Cir. 2001). "[C]ourts must look to the language of a release – the words used by the parties – to determine their intent, resorting to extrinsic evidence only when the court concludes as a matter of law that the contract is ambiguous." *Peterson v. Regina*, 935 F. Supp. 2d 628, 635 (S.D.N.Y. 2013) (quoting *Wells v. Shearson Lehman/Am. Express, Inc.*, 72 N.Y.2d 11, 19 (1988)).

Under the *Rodriguez* Stipulation, on September 29, 2013, Plaintiff "dismisse[d] and discontinue[d], with prejudice . . . all federal and state law claims that were or *could have been* asserted in this action, including all claims that were or *could have been raised* in this matter against . . . *any present or former employees and agents of the City of New York* . . . ." (emphases added). As the Second Circuit found in the case of a similarly worded release, the language of such a release is "plain and unambiguous, and it is broad in scope," and under it, Plaintiff "relinquished all claims against the City and its employees that 'could have been alleged' in [the earlier case]." *Tromp v. City of New York*, 465 F. App'x 50, 52 (2d Cir. 2012). Plaintiff's more limited reading of the *Rodriguez* Stipulation as "stating that Plaintiff would not file any frivolous suits or claims without merit" does not alter the conclusion because, as a matter of contract law, "[w]ith unambiguous contacts, [as here,] a party's subjective intent and understanding of the terms is irrelevant." *HOP Energy, L.L.C. v. Local 533 Pension Fund*, 678 F.3d 158, 162 (2d Cir. 2012).

The claims Plaintiff brings against an employee of the City of New York in the present case could have been asserted in *Rodriguez*. *See* Fed. R. Civ. P. 20(a)(2)(A) (Persons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them . . . severally . . . with respect to or arising out of the same . . . series of transactions or occurrences.); *see also Peterson*, 935 F. Supp. 2d at 636-37 ("case law frequently looks to permissive joinder law" governed by Rule 20(a) to construe "could have been brought" language in settlement agreements drafted by the City of New York) (collecting cases).  At the August 8, 2013, conference in *Rodriguez*, Plaintiff referenced the incident here and the ticket he received as a part of a series of occurrences with the incident in that case.  For these reasons, the *Rodriguez* stipulation bars this action.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is converted to a motion for summary judgment and GRANTED.  Plaintiff's motion is DENIED.  The Clerk of Court is directed to close the motion at Dkt. No. 13, close this case and mail a copy of this Opinion and Order to the pro se Plaintiff.

SO ORDERED.

Dated: May 21, 2015
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE